UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RENE ROSILES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. PFEIFFER,<br><br>　　　　　Respondent. | No. 2:17-cv-2600 KJM GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction*

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2254. ECF No. 1. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court is respondent's motion to dismiss on the ground that the petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 9. Petitioner has filed an opposition. ECF No. 16. After carefully reviewing the record, the court now issues the following findings and recommendations.

*Discussion*

　I. Statute of limitations

On April 24, 1986, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year

1

statute of limitations for federal habeas corpus petitions. 28 U.S.C. §2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

On December 9, 2011, petitioner pled no contest in Yuba County Superior Court to kidnapping (Pen. Code § 207(a)), robbery (Pen. Code § 211), first degree burglary (Pen. Code §§ 459, 460), second degree burglary (Pen. Code §§ 459, 460), and kidnapping to commit robbery (Pen. Code § 209(b)(1)). Resp't's Lodg. Doc. Nos. 1, 2. Two sentencing enhancements (Pen. Code §667.5(b)) were also found to be true. Id. Petitioner was sentenced to an indeterminate sentence of eleven years and eight months to life. Id. On December 4, 2012, the California Court of Appeal, Third Appellate District affirmed in part and reversed in part the judgment. Resp't's Lodg. Doc. No. 2. Specifically, the California Court of Appeal remanded to the superior court with directions to amend its records to reflect petitioner's presentence custody credits to 21 days of credit. Id. The remainder of the judgment was affirmed. Id. Petitioner did not seek review with the California Supreme Court.

Thereafter, petitioner filed subsequent state collateral challenges. The first state habeas petition was filed in Yuba County Superior Court on December 7, 2016, and denied on December

////

19, 2016. Resp't's Lodg. Doc. Nos. 3, 4.[1] The second state habeas petition was again filed in Yuba County Superior Court on January 16, 2017, and denied on February 9, 2017. Resp't's Lodg. Doc. Nos. 5, 6. On February 28, 2017, petitioner filed a notice of appeal from Yuba County Superior Court's denial in the California Court of Appeal. Resp't's Lodg. Doc. No. 7. The California Court of Appeal dismissed the case after making the determination "that the order appealed from [was] nonappealable." Id. (citing to In re Clark, 5 Cal.4th 750, 767, fn.7 (1993); In re Crow, 4 Cal.3d 613, 621, fn. 8 (1971). Petitioner filed a subsequent state habeas petition again with the California Court of Appeal on May 2, 2017, and was denied on May 12, 2017. Resp't's Lodg. Doc. Nos. 8, 9. Petitioner's final state habeas petition was filed with the California Supreme Court on June 12, 2017, and was denied on September 20, 2017. Resp't's Lodg. Doc. Nos. 10, 11. The California Supreme Court's denial included a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995) for the proposition that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence." See Resp't's Lodg. Doc. No. 11.

A. Finality of Direct Review

Without considering the collateral challenges, petitioner's conviction became final for purposes of AEDPA on January 15, 2014. Accordingly, this instant action filed on December 12, 2017 is barred as untimely unless petitioner is entitled to tolling.

Here, the pertinent commencement period for the statute of limitations begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record reflects that petitioner did not submit a petition for review with the California Supreme Court. Therefore, petitioner's conviction became final 40 days after the Court of Appeal's decision on January 13, 2013.[2] See

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

[2] Although the fortieth day is a Sunday, "the date of finality is not extended if it falls on a day on which the office of the clerk/executive officer is closed." See Cal. Rules of Court 8.500(e)(1). However, because the last day ended on a Sunday, the period continues to run to the next day.

3

Cal. Rules of Court 8.264(b)(1) (Court of Appeals decision is final 30 days after filing); Cal. Rules of Court 8.500(e)(1) (Petition for review with the California Supreme Court must be served and filed 10 days after the Court of Appeal's decision is final. Accordingly, the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A) commenced the following day on January 14, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1244 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Therefore, petitioner had until, January 14, 2014, that is until one year after finality of conviction, to file a timely federal petition. Accordingly, this instant action filed on December 12, 2017 is barred as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

### B. Statutory Tolling

Respondent argues petitioner's subsequent state post-conviction collateral actions do not entitle petitioner to statutory tolling. ECF No. 9 at 4-5. The court agrees. Petitioner filed his first state habeas petition beyond AEDPA's one-year statute on December 7, 2016, approximately two years and 11 months after the statute of limitations expired. Accordingly, petitioner is not entitled to statutory tolling. A state court habeas post-conviction process commenced beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(1). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, this petition is untimely unless petitioner can show equitable tolling exists.

### C. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). However, it is petitioner's burden to show his entitlement to equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Espinoza–Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). Petitioner has made no showing in his pleadings

---

See Fed. R. Civ. P. 6(a)(1)(C).

4

that equitable tolling exists. See generally, ECF No. 1, 16. Absent any showing, the court finds petitioner is not entitled to equitable tolling.

For reasons stated above, the undersigned recommends granting respondent's motion to dismiss on the ground that the petition is untimely.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 9, be granted;

2. The petition, ECF No. 1, be dismissed with prejudice;

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 1, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE