UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK RENE ROSILES,

    Petitioner,

v.

C. PFEIFFER,

    Respondent.

No. 2:17-cv-02600 KJM GGH P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 24. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

***Procedural Background***

The court will provide the relevant background for context from its October 1, 2018 Findings and Recommendations:

> On December 9, 2011, petitioner pled no contest in Yuba County Superior Court to kidnapping (Pen. Code § 207(a)), robbery (Pen. Code § 211), first degree burglary (Pen. Code §§ 459, 460), second degree burglary (Pen. Code §§ 459, 460), and kidnapping to commit robbery (Pen. Code § 209(b)(1)). Resp't's Lodg. Doc. Nos. 1, 2. Two sentencing enhancements (Pen. Code §667.5(b)) were also found to be true. Id. Petitioner was sentenced to an indeterminate sentence of eleven years and eight months to life. Id. On December 4, 2012, the California Court of Appeal, Third Appellate District affirmed in part and reversed in part the judgment. Resp't's Lodg. Doc. No. 2. Specifically, the California Court of Appeal remanded to the superior

1

> court with directions to amend its records to reflect petitioner's presentence custody credits to 21 days of credit. Id. The remainder of the judgment was affirmed. Id. Petitioner did not seek review with the California Supreme Court.
>
> Thereafter, petitioner filed subsequent state collateral challenges. The first state habeas petition was filed in Yuba County Superior Court on December 7, 2016, and denied on December 19, 2016. Resp't's Lodg. Doc. Nos. 3, 4.[1] The second state habeas petition was again filed in Yuba County Superior Court on January 16, 2017, and denied on February 9, 2017. Resp't's Lodg. Doc. Nos. 5, 6. On February 28, 2017, petitioner filed a notice of appeal from Yuba County Superior Court's denial in the California Court of Appeal. Resp't's Lodg. Doc. No. 7. The California Court of Appeal dismissed the case after making the determination "that the order appealed from [was] nonappealable." Id. (citing to In re Clark, 5 Cal.4th 750, 767, fn.7 (1993); In re Crow, 4 Cal.3d 613, 621, fn. 8 (1971). Petitioner filed a subsequent state habeas petition again with the California Court of Appeal on May 2, 2017, and was denied on May 12, 2017. Resp't's Lodg. Doc. Nos. 8, 9. Petitioner's final state habeas petition was filed with the California Supreme Court on June 12, 2017, and was denied on September 20, 2017. Resp't's Lodg. Doc. Nos. 10, 11. The California Supreme Court's denial included a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995) for the proposition that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence." See Resp't's Lodg. Doc. No. 11.

ECF No. 20 at 2-3.

On December 7, 2017, petitioner filed the instant federal petition. ECF No. 1. On February 12, 2018, respondent filed a motion to dismiss on the ground that petitioner was time-barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 9. On October 1, 2018, the court issued Findings and Recommendations recommending that respondent's motion to dismiss be granted and the petition be dismissed with prejudice based on untimeliness. ECF No. 20. The undersigned later withdrew its October 1, 2018 Findings and Recommendations after receiving petitioner's objections stating he was entitled to equitable tolling based on being an indigent litigant; lacking legal knowledge; having limited resources and time in the law library; and having a mental impairment. ECF Nos. 23, 24. The court ordered

---

[1] [Fn.1 in original] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

briefing on petitioner's equitable tolling issue, which is now fully submitted before the court. ECF Nos. 25 (respondent's opposition), 33 (Petitioner's reply), 39 (respondent's reply), 43 (petitioner's sur-reply).

After carefully reviewing the filings, and application of the applicable law, the court now issues the following Findings and Recommendations.

***Legal Standards***

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Notwithstanding petitioner's collateral state habeas petitions, petitioner's conviction became final for purposes of AEDPA forty days after the Court of Appeal's decision on January 13, 2013.[2] See 28 U.S.C. § 2244(d)(1)(A); Cal. Rules of Court 8.264(b)(1) (Court of Appeals decision is final 30 days after filing); Cal. Rules of Court 8.500(e)(1) (Petition for review with the

---

[2] The fortieth day is a Sunday. However, because the last day ended on a Sunday, the period continues to run to the next day. See Fed. R. Civ. P. 6(a)(1)(C).

3

California Supreme Court must be served and filed 10 days after the Court of Appeal's decision is final). Petitioner did not submit a petition for review with the California Supreme Court. Accordingly, the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A) commenced the following day on January 14, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1244 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Petitioner had until, January 14, 2014, that is until one year after finality of conviction, to file a timely federal petition absent applicable tolling. This instant action filed December 12, 2017 is barred as untimely unless petitioner is entitled to statutory or equitable tolling. Here, petitioner does not propose he is entitled to statutory tolling, only equitable tolling. Nevertheless, the court provides its discussion on statutory tolling, which is relevant here, from its October 1, 2018 Findings and Recommendations:

> Respondent argues petitioner's subsequent state post-conviction collateral actions do not entitle petitioner to statutory tolling. ECF No. 9 at 4-5. The court agrees. Petitioner filed his first state habeas petition beyond AEDPA's one-year statute on December 7, 2016, approximately two years and 11 months after the statute of limitations expired. Accordingly, petitioner is not entitled to statutory tolling. A state court habeas post-conviction process commenced beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(1). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, this petition is untimely unless petitioner can show equitable tolling exists.

ECF No. 20 at 4.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653. See also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark,

628 F.3d at 1097 (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). This is a very high threshold, "lest the exception swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Loft v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Determining whether equitable tolling is warranted is a "fact-specific inquiry." Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

Petitioner contends equitable tolling is applicable based on the following four grounds: (1) petitioner is an indigent litigant; (2) petitioner lacks legal knowledge; (3) petitioner had limited resources and time in the law library; and (4) petitioner's mental impairment.

*Discussion*

Indigent Litigant

First, petitioner claims he is entitled to equitable tolling because he "is indigent and has not been able to hire an attorney which has forced petitioner to seek assistance from fellow inmates/jail house lawyers." ECF No. 23 at 3. However, petitioner's indigency fails to constitute as an extraordinary circumstance, especially considering petitioner's capability of filing subsequent state habeas petitions prior to filing his federal habeas petition. Bermudez v. Lewis, 58 F. App'x 268, 269 (9th Cir. 2003); see also Chaffer v. Prosper, 592 F.3d 1046 (9th Cir. 2010) (petitioner was not entitled to equitable tolling based on his reliance on other inmates who were transferred or too busy to attend to petitioner's petition.) The undersigned recommends denial of equitable tolling on this ground.

Lack of Legal Knowledge

Secondly, petitioner argues he lacks the "the legal knowledge and training necessary to comprehend law and the legal process." ECF No. 23 at 3. However, the Ninth Circuit has clearly held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore, the undersigned recommends denial of equitable tolling on this ground as well.

////

Limited Resources and Time in Law Library

Next, petitioner claims he should be entitled to equitable tolling on the basis that he has "woefully deficient time available in the library" and has scarce "legal materials available." ECF No. 23 at 3. Specifically, petitioner alleges the following examples demonstrate extraordinary circumstances entitling him to equitable tolling; inmates are only given 18-24 hours a year to conduct legal research; "law library staff and workers" are unable to provide advice or direction on how to address legal questions; and several transfers and lockdowns have prevented petitioner's ability to conduct proper research. Id. at 3-4; see also ECF No. 33 at 4-5. Petitioner does not provide specific details regarding the period of time in which *his* access to the law library, lockdowns and transfers prevented him from filing timely. Instead, petitioner alleges the limited time *inmates in general* have when it comes to visiting the law library; such as the amount of time it takes to enter the library, to fill out a request to return and receive legal materials and log off computers. ECF No. 33 at 4-5. However, the fact that petitioner was able to work on his state habeas petitions prior to the filing of his federal habeas petitions cuts against petitioner's argument that he is entitled to equitable tolling on this basis.

> Lockdowns, however, and resulting restricted access to the prison law library are not, by themselves, extraordinary circumstances for prisoners. See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling); United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (without demonstration of petitioner's diligence, lockdowns at prison allegedly eliminating access to law library were not extraordinary circumstances warranting equitable tolling); Rosati v. Kernan, 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); see also Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."). In sum, Petitioner does not explain how any lockdowns constituted extraordinary circumstances that prevented him from timely filing his federal petition.

Robinson v. Marshall, No. CV-07-1606-GHK (JWJ), 2008 WL 2156745, at *3 (C.D. Cal. May

18, 2008), aff'd, 405 F. App'x 241 (9th Cir. 2010). Similarly, petitioner's argument that prison staff were not able to provide legal advice on how to address legal questions also fails. See Lewis v. Casey, 518 U.S. 343, 354 (1996) (the court rejected the argument that the "State must enable the prisoner to discover grievances, and to litigate effectively once in court" because to "demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires.") Moreover, petitioner's alleged reliance on the assistance of other inmates to timely file his habeas petition fails to demonstrate extraordinary circumstance entitling petitioner to equitable tolling. See Chaffer, 592 F.3d at 1049. Accordingly, the undersigned recommends denial of equitable tolling on these grounds.

Mental Impairment

Lastly, petitioner claims his mental impairment constitutes as an extraordinary circumstance entitling him to equitable tolling. Petitioner states "[d]uring the period of time between 2012 through 2016 Petitioner has been a patient of the mental health system and has been prescribed several types of medications which has effects on petitioner's ability to perform, and hindered ability to conduct research and has made it difficult to find assistance in this legal matter." ECF No. 23 at 4. Petitioner further states that he does not know "what his mental diagnosis is" and "partially recollects discussing bi-polar disorder, depression, paranoia and hearing voices." ECF No. 33 at 6. Ultimately, petitioner maintains his "mental defect" prevented him from understanding "his need to timely file a habeas petition" and his ability to "effectuate that filing." ECF No. 33 at 10; see also ECF No. 43 at 3.

Under limited circumstances, a petitioner's mental impairment may represent an extraordinary circumstance warranting equitable tolling for the period he was incompetent. Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). The Ninth Circuit in Bills determined a two-part test to evaluate whether equitable tolling applies in cases where petitioner suffers from a mental impairment. In Bills, the Ninth Circuit stated, in pertinent part:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see Holland, 130

> S.Ct at 2562, by demonstrating the impairment was so severe that either
>
>> (a) Petitioner was unable to rationally or factually to personally understand the need to timely file, or
>>
>> (b) Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See id.

Bills, 628 F.3d at 1100. "The mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." Yow Ming Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) (citing Bills, 628 F.3d at 1100).

Petitioner and respondent provide documentation for petitioner's medication and treatment notes for the relevant limitations period. However, review of the documentations show that petitioner's mental impairments were not "so severe" as to prevent petitioner from being able to "rationally or factually to personally understand the need to timely file," nor render him "unable personally to prepare a habeas petition and effectuate its filing." Bills, 628 F.3d at 1100. Although treatment notes indicate that petitioner was suffering from paranoia, anxiety, auditory hallucinations, and depression, they also show that petitioner reported having a stable mood (ECF No. 40-1 at 15, 23, 27, 29), being stable on medications (ECF No. 40-1 at 15, 23, 28), and not experiencing side effects in medication (ECF No. 40-1 at 23, 29, 38). Treatment notes further indicate that even when petitioner had stopped or refused to take his medications as prescribed, he would report having a stable mood. ECF No. 40-1 at 15, 27. See also Martinez v. Hedgpeth, No. 1:11-cv-01661-DLB HC, 2012 WL 1076260, at *6 (E.D. Cal. Mar. 29, 2012) (citing McCall v. Wyoming Attorney General, 339 Fed. Appx. 848, 850, 2009 WL 1803281, at *2 (10th Cir. 2009) for the proposition that "the mere fact that defendant was under influence of medication insufficient to warrant equitable tolling because he failed to explain how the prescription medication prevented him from bringing his claim.") Moreover, during the relevant limitations

period and after, petitioner reported "no impairment of memory or concentration," his ability to maintain his interests such as reading, writing, working out. ECF No. 40-1 at 39, 41.

Review of the record demonstrates that petitioner has failed to show that his mental impairments were the but-for cause for his delay in filing a timely federal habeas petition. See Taylor v. Knowles, No. CIV S-07-2253 WBS EFB P, 2009 WL 688615, at *6 (E.D. Cal. Mar. 13, 2009), aff'd, 368 Fed. Appx. 796 (9th Cir. 2010) (no equitable tolling where petitioner failed to show his auditory hallucinations, severe depression and anxiety "actually caused him not to be able to file despite his diligence"). Further, respondent also provides petitioner's education record that demonstrates petitioner's enrollment from December 10, 2012 to April 19, 2013 in the prison's computer literacy program. ECF No. 40-3 at 1-8. Petitioner successfully completed the program with a "behavior/assessment" marked as satisfactory in "adaptability," "conduct," "cooperation," "dependability," and "initiative." Id. at 3-5. Accordingly, the undersigned finds petitioner's alleged mental impairments do not meet Bills two-part test and accordingly do not persist throughout the relevant limitations period.

Because petitioner has not demonstrated an extraordinary circumstance that would entitle him to equitable tolling, the court need not address whether petitioner was diligent in pursuing his rights in relation to each of the grounds raised. Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner bears the burden of demonstrating grounds for equitable tolling).

*Evidentiary Hearing*

Petitioner has failed to meet his burden in establishing that an extraordinary circumstance prevented him from diligently pursuing his rights within the limitations period. The medical records submitted by both the petitioner and respondent do not show that petitioner is entitled to an evidentiary hearing to determine whether his mental impairment warrants equitable tolling. See Laws v. Lamarque, 351 F.3d 919, 920, 924 (9th Cir. 2003) (Further factual development may be required when a petitioner alleges a "good faith allegation that would, if true, entitle him to equitable tolling" when the record is "patently inadequate"); Roy v. Lampert, 465 F.3d 964, 969,

975 (9th Cir. 2006) (The district court must hold an evidentiary hearing to determine whether equitable tolling is warranted if petitioner makes "a good-faith allegation that would, if true entitle him to equitable tolling" and there "are only conflicting affidavits in the record regarding the facts underlying the issue of cause.") Here, on the contrary, the medical records establish that petitioner was sufficiently competent and capable of managing his affairs before, after and during the relevant limitations period. "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010); see also Orthel v. Yates, 795 F.3d 935, 939-41 (9th Cir. 2015) (When the existing record is "amply developed," "a district court need not hold evidentiary hearings to further develop the factual record.") Accordingly, the undersigned finds petitioner is not entitled to an evidentiary hearing.

*Conclusion*

For the reasons stated above, the undersigned recommends dismissing petitioner's habeas petition as untimely and that petitioner is not entitled to equitable tolling.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted;

2. The petition be dismissed with prejudice for untimeliness; and

3. The District Court decline to issue a certificate of appealability.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 22, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE